# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**************************************************************************

**ROBERT C. BOLUS, SR.**

**PLAINTIFF,**

$3:18-CV-2027$

**CIVIL ACTION No.:**

**vs.**

**THOMAS W. WOLF, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE COMMONWEALTH OF PENNSYLVANIA**

**JURY TRIAL DEMANDED**

**DEFENDANT**

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

Plaintiff, Robert C. Bolus, Sr., in pro se, brings this action pursuant to 42 U.S.C. Section 1983, seeking damages to remedy violations of his rights secured by the Equal Protection Clause of the Fourteenth Amendment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343, 42 U.S.C. Sections 1983 and 1988, and Common Law.

2. This Court possesses proper subject matter jurisdiction and personal jurisdiction over the parties.

3. Venue is appropriate in this District.

4. The Defendant holds public office in Pennsylvania.

FILED
SCRANTON

OCT 1 9

PER

5. The acts complained of occurred in Pennsylvania.  Plaintiff's cause of action arose in Pennsylvania.

## PARTIES

6. Plaintiff, Robert C. Bolus, Sr., (hereinafter Bolus), is a competent adult individual, a citizen of The United States of America and a resident of Pennsylvania, and at all relevant times, owned businesses in The Commonwealth of Pennsylvania and was a registered voter in the Commonwealth of Pennsylvania.

7. Defendant, Thomas W. Wolf, in his Official Capacity as Governor of The Commonwealth of Pennsylvania (hereinafter Wolf), is a competent adult individual, who at all relevant times was the Governor of The Commonwealth of Pennsylvania.

## ALLEGATIONS OF FACT

8. Plaintiff, Robert C. Bolus, at all relevant times was the President of Bolus Truck Parts and Towing, a business located at 922 Sanderson Street, Throop, PA.

9. At all relevant times, Bolus's business operations include travel on Pennsylvania's interstates and expressways east of, and including, Interstate 99, with tandem truck trailers, empty trailers, and towed trailers.

10. Travel throughout Pennsylvania's interstates and expressways, east of, and including, Interstate 99, with the above-pleaded types of vehicles, is integral and essential to Bolus's business operations.

11. On or about Monday March 13, 2017, Wolf, acting in his capacity as Governor of The Commonwealth of Pennsylvania, instituted travel restrictions on all interstates and expressways East of, and including, Interstate 99.

12. Wolf's travel restrictions for interstates and expressways east of, and including, Interstate 99 included a forty-five (45) mile per hour (MPH) speed limit, and a ban on tandem trailer trucks; empty trailers; towed trailers; busses; recreational vehicles; and motorcycles.

13. These restrictions directly impeded Bolus's business operations and resulted in losses of business and income.

14. Wolf's travel restrictions as to the particular type of vehicles banned were not uniformly applied to all vehicles or all drivers.

15. Wolf's travel restrictions on particular types of vehicles singled out a class of vehicles and drivers.

16. Passenger cars were allowed to traverse the roadways at issue, provided they adhered to a 45 (forty-five) MPH (miles per hour) speed limit.

17. Wolf's travel ban was not the least restrictive means to create safer conditions on the roadways at issue.

18. Trained, professional drivers with a Commercial Driver's License and vast experience traveling in adverse road conditions were not allowed to operate any of the banned vehicles on the roadways in question while Wolf's restrictions were in place.

19. There was no measure taken to prohibit inexperienced or new drivers from traveling the roadways in question during adverse conditions.

20. There was no measure taken to prohibit light passenger cars, rear-wheel drive vehicles, and other vehicles known to have difficulty in adverse conditions such as snow and ice from traveling the roadways at issue.

21. No consideration was given to the notion that a trained, professional driver with a Commercial Driver's License, traveling for work purposes, may be more likely to observe speed limits, adjust speed to suit road conditions, and be better equipped to handle adverse road conditions than a less experienced driver.

22. In it believed, and therefore averred, that no data regarding crashes in adverse conditions and the vehicles and types of drivers involved in those crashes was considered in the implementation of Wolf's travel ban.

23. Bolus and his drivers are trained, professional drivers in possession of Commercial Driver's Licenses and have vast experience driving in adverse road conditions, such as the conditions considered in the implementation of Wolf's travel ban.

24. In allowing some types of vehicles on the roadways in question and not others, it is believed, and therefore averred, that Wolf gave no consideration to a driver's experience in adverse conditions and a driver's likelihood to follow safe driving protocol appropriate for adverse road conditions.

25. In allowing some types of vehicles on the roadways in question and not others, it is believed, and therefore averred, that Wolf gave no consideration to a person's driving record.

26. Wolf's acts proximately caused Plaintiffs injuries, including, but not limited to, violation of his right to equal protection, and the loss of business due to restricting tandem truck trailers, empty trailers, and towed trailers on the specific roadways at issue.

## COUNT I

## VIOLATIONS OF RIGHTS SECURED BY THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT

27. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs as if fully alleged below.

28. Plaintiff is a member of a class of drivers who operate specific vehicles for commercial purposes, and was unlawfully discriminated against because of the

manner in which he earns his livelihood and the type of vehicle employed in his business operations.

29. Plaintiff was similarly situated in all relevant aspects to other drivers, who were allowed travel on the roadways at issue.

30. Nevertheless, Plaintiff was denied access to the restricted roadways, because of his business activity and the type of vehicle required to be used in his business activity.

31. All actions carried out by The Defendant were done while acting under color of law and had the effect of depriving Plaintiff of rights secured by The Constitution and laws of the United States of America, specifically The Equal Protection Clause of The Fourteenth Amendment to The United States Constitution.

32. The acts of The Defendant were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's Constitutional rights.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays for judgment as follows:

A. Compensatory and Punitive against all Defendant.

B. Pre and Post Judgment interest as allowed by law

C. Reasonable costs and fees in bringing this litigation

D. Such other relief as the Court deems just and proper.

# JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all Counts so triable.

Respectfully Submitted,

Robert C. Bolus
In Pro Se
922 Sanderson Street
Throop, PA 18512
(570) 346-7659
Facsimile (570) 383-9311

Court Name: District Court
Division: 3
Receipt Number: 333062758
Cashier ID: lhannick
Transaction Date: 10/19/2018
Payer Name: ROBERT BOLUS

CIVIL FILING FEE
 For: ROBERT BOLUS
 Case/Party: D-PAM-3-18-CV-002027-001
 Amount:        $400.00

CREDIT CARD
 Amt Tendered: $400.00

Total Due:       $400.00
Total Tendered: $400.00
Change Amt:       $0.00

BOLUS V. WOLF

LAST FOUR: 9009

Only when bank clears the check or
verifies credit of funds is the fee
or debit officially paid or
discharged. A $53.00 fee will be
charged for returned checks.